UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 3:12-cr-00117-WWE |
| | : | |
| ALFRED CATINO and | : | |
| KONSTANTINOS ZOGRAFIDIS | : | |
| (Papadakos *et al*). | | |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR RECONSIDERATION AND MOTION TO COMPEL

Defendant Alfred Catino has moved the Court to reconsider its decisions (1) denying his motion for a *Franks* hearing; (2) denying his motion to suppress wiretaps based on the government's alleged failure to properly seal the recordings; and (3) denying his motion to dismiss the case based on the government's allegedly improper conduct during grand jury proceedings.

Defendant Konstantinos Zografidis has joined Catino's motion and moved for an order compelling the government to produce recordings of certain phone conversations.

For the following reasons, the Court will grant in part and deny in part defendants' motion for reconsideration. The Court will deny Zografidis's motion to compel.

### Franks Hearing: Consideration of the Yerinides Affidavit

Defendants argue that the Court should reconsider its decision to deny their motion for a *Franks* hearing because the Court failed to consider an affidavit signed by co-defendant John Yerinides. As such affidavit, depending on its contents, might reasonably be expected to alter the conclusion reached by the Court, defendants' motion for reconsideration will be granted. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Defendants contend that consideration of the Yerinides affidavit would necessitate a

*Franks* hearing to determine whether wiretap warrants were granted on the basis of false statements made by government investigators.  See Franks v. Deleware, 438 U.S. 154, 155-56 (1978) ("[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.").  The government responds that the Court explicitly considered the affidavit during the November 25, 2013 hearing on the matter.[1]  Moreover, the government argues that the Yerinides affidavit fails to offer proof to support defendants' allegations of deliberate falsehood or of reckless disregard for the truth.  The Court agrees.

At a July 14, 2015 hearing, defendants argued that the Court's initial denial of their motions for a *Franks* hearing and suppression of the wiretap evidence was incorrect.  Defendants submitted that DEA Task Force Officer Dominick Cisero lied or recklessly disregarded the truth in support of the wiretap applications in this case.  The Court instructed the parties to supplement their briefs on the issue and permitted defendants an additional opportunity to offer proof in support of their allegations.  Catino submitted a supplemental motion for reconsideration [Doc. # 1231], two additional supplements [Docs. # 1232, 1237], and a reply [Doc. # 1242], with supporting exhibits.

Defendants contend that Yerinides's affidavit is, "without a doubt, the crux to this case and the wiretap as well."  [Doc. # 1149 at page 2].

---

[1]The transcript of the November 25, 2013 hearing is irretrievable.

The Yerinides' affidavit provides, in full:

> I John Yerinides, upon being duly sworn to according to law, depose and says:
>
> I make this affidavit in support of the motion for suppression of evidence of my co-defendant, Alfred Catino.
>
> Since my arrest in this case, Mr. Catino has been researching the evidence and over time I have helped him fill in the holes when Mr. Catino could not identify certain things or people.
>
> I have read Mr. Catino's motion in regard to the government's CW-1, CW-2, and CW-3, and can say that "yes, I am the one who has supplied all the information in regard to them, and a person by the name of 'Ted Lee.'"
>
> I am willing to testify to same anytime I am called to do so.
>
> s/John Yerinides

The Court must consider whether the Yerinides affidavit tips the balance in defendants' favor by demonstrating a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. See Franks, 438 U.S. at 155-56.

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Id. at 171.

Defendants' offer of proof is the assertion by Yerinides that Yerinides supplied Catino with "all the information" in regard to the three confidential witnesses. Such a general affirmation is hardly capable of demonstrating proof of reliability; it is the type of conclusory attack explicitly prohibited by Franks. Id. Yerinides' statement that Catino got all of the information from him does not help create a "substantial preliminary showing" that a deliberate falsehood or statement made with reckless disregard

for the truth was included in the warrant affidavit.  Nor does it aid defendant in demonstrating that falsehoods included in the government's warrant affidavits were necessary to the finding of probable cause.  See U.S. v. Falso, 544 F.3d 110, 126 (2d Cir. 2008).

Defendant argues that "[Yerinides's] testimony would be of prodigious importance in this matter and clearly shed light on some government misconduct in this case."  Nevertheless, the vagueness of the Yerinides affidavit leaves the Court to guess at what exactly that testimony would be.

"Defendants have submitted no '[a]ffidavits or sworn or otherwise reliable statements of witnesses' specifically identifying the portions of the [Cisero] affidavits that are claimed to be deliberately false or made with reckless disregard for the truth."  See U.S. v. Labate, 2001 WL 533714 (S.D.N.Y. May 18, 2001) (holding that for this reason alone, a request for a Franks hearing should be summarily denied).  Indeed, the Yerinides affidavit fails to challenge, even at a general level, the truthfulness of the government's search warrant affidavits, let alone offer proof of falsification. Accordingly, the Court adheres to its decision to deny defendants' request for a Franks hearing.

**Improper Sealing of Wiretap Recordings**

Defendants move for reconsideration of the Court's denial of their request for a Franks hearing based upon allegations that the government improperly sealed the wiretap recordings.  Specifically, defendants contend that interceptions from Target Telephone One were not timely sealed on March 9, 2012, as required.  The recordings took place from February 8, 2012, to March 8, 2012.  Defendants posit that the disks did not surface until one month later, when Judge Underhill sealed disks containing interceptions from Target Telephones Two and Three.  Defendants contend that "it is now upon the government to come forth with documentary proof [that interceptions from Target Telephone One were] really sealed."

4

The government has submitted an Order to Seal Recordings from Target Telephone One, signed by Judge Chatigny on March, 9, 2012.  Accordingly, defendants' motion for reconsideration based on improper sealing will be denied.

**Grand Jury Proceedings**

Catino moves for reconsideration of the Court's decisions relating to the propriety of grand jury proceedings, arguing that hearsay evidence was improperly submitted to the grand jury and that he was never properly identified in the proceedings.  This challenge fails in light of defendant's guilty plea.

Defendant pleaded guilty on June 24, 2014, before Judge Meyer.  Defendant expressly reserved his right to appeal the Court's wiretap suppression rulings but waived his right to appeal in all other respects.  "It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction."  U.S. v. Yousef, 750 F.3d 254, 258 (2d Cir. 2014).  Defendant has waived this challenge.  Moreover, defendant has not pointed to controlling decisions or data that the Court overlooked in reaching its original decisions, so defendant has not met the standard for reconsideration.  See Shrader, 70 F.3d at 257.  Accordingly, defendant's motion based to reconsider based on improper grand jury proceedings will be denied.

**Motion to Compel Recordings**

In support of Catino's motion for a *Franks* hearing, Zografidis has moved for an order compelling the government to produce recordings of certain phone conversations "purportedly between [Zografidis] and his co-defendant, Dimitrios Karipidis [a/k/a CW-3]."  The motion is based upon a statement in Catino's Supplement of July 21, 2015, asserting that during a phone call from Europe, Karipidis stated that he never wore a wire to record conversations with Zografidis.

5

This too is a conclusory challenge supported by no more than a desire to cross-examine.  See Franks, 438 U.S. at 171.  The alleged out of court statement by Karipidis that he never wore a wire against Zografidis was not sworn and is not supported by affidavit.  See id.  Moreover, the government submitted copies of the recordings of controlled purchases between CW-3 and Zografidis, along with translated transcriptions.  Accordingly, the unsupported assertion that CW-3 was not wearing a wire cannot reasonably be considered a reliable offer of proof.  The Court will deny Zogarfidis's motion to compel.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is GRANTED in part and DENIED in part.  Upon reconsideration, the Court adheres to its decision to deny defendants' motion for a *Franks* hearing.  Zografidis's motion to compel is DENIED.

Dated this 30th day of October, 2015, at Bridgeport, Connecticut.


    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE